UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NATHAN BYERLY,<br><br>               Petitioner,<br><br>    v.<br><br>UNITED STATES JOINT TASK FORCE; STATE OF IDAHO; ADA COUNTY; SUE WESSELS; JOHN DOE LIANG; JOHN DOE SMYTH; JOHN DOE SHELDAUL; and JOHN DOE GIBNEY,<br><br>               Respondents. | Case No. 1:21-cv-00049-BLW<br><br>**INITIAL REVIEW ORDER** |

Petitioner Nathan Byerly is a prisoner in the custody of the Idaho Department of Correction. Petitioner's initial pleading is entitled, "Prisoner Complaint Petition for Habeas Corpus to Cause Respondents to Appear and Answer for Unlawful Conduct at Idaho District." *See* Dkt. 1. This title indicated that Petitioner was attempting to challenge both (1) the legality of his conviction under 28 U.S.C. § 2254, the habeas corpus statute, and (2) the conditions of his confinement under 42 U.S.C. 1983, the civil rights statute. Because these two types of claims cannot be asserted in the same action, the Clerk of Court opened two cases—a habeas case and a civil rights case—and docketed the same initial pleading in each case.

INITIAL REVIEW ORDER - 1

This action treats the initial pleading as a habeas petition.[1] The Court now reviews the pleading to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules").

## REVIEW OF PETITION

1. **Standard of Law for Review of Petition**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Habeas Rule 4. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

2. **Discussion**

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and "the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) ("Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement.") (quoting *Preiser*, 411 U.S. at 484). Conversely, a civil rights action under 42 U.S.C. § 1983 is the proper method of challenging, on constitutional grounds, a prisoner's conditions of confinement.

---

[1] The other case, which treated the initial pleading as a civil rights complaint, has since been dismissed without prejudice. *See Byerly v. Idaho*, Case No. 1:21-cv-00051-BLW (Dkt. 4) (D. Idaho March 5, 2021).

INITIAL REVIEW ORDER - 2

*Badea*, 931 F.2d at 574. Accordingly, "if a state prisoner's claim does not lie at the core of habeas corpus, it may not be brought in habeas corpus but must be brought, if at all," under 42 U.S.C. § 1983. *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) (internal quotation marks and citations omitted). Claims that must be brought as civil rights claims are said to be noncognizable—meaning they cannot be heard—in a federal habeas corpus action.

Petitioner's claims as set forth in the initial pleading all challenge the conditions of his confinement. *See generally* Dkt. 1. Therefore, those claims do not lie at the core of habeas corpus and must be dismissed as noncognizable. Because Petitioner's civil rights action asserting the same claims was dismissed without prejudice, *see* footnote 1, above, Petitioner is free to pursue a new, separate civil rights action asserting those claims.

## ORDER

**IT IS ORDERED:**

1. The "Prisoner Complaint Petition for Habeas Corpus to Cause Respondents to Appear and Answer for Unlawful Conduct at Idaho District" (Dkt. 1), construed as a habeas petition, is DISMISSED without prejudice.

2. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11. If Petitioner files a timely notice of appeal, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the United States Court of Appeals for the Ninth Circuit.

Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: March 18, 2021

B. Lynn Winmill
U.S. District Court Judge